KATE L. PECK, Respondent, v. NEW JERSEY AND NEW YORK RAILROAD COMPANY, Defendant, and PETER DURYEA, as Trustee of NEW JERSEY AND NEW YORK RAILROAD COMPANY, Appellant.— Order granting the appellant's motion to amend a judgment, which in part required a railroad company to keep a private bridge over a cut in repair, by deleting such requirement from the judgment, but conditioned upon appellant's filling in of the cut to a sufficient width safely to connect one side of respondent's road with the other, insofar as appealed from, affirmed, without costs. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See post, p. 843.]

## THIRD DEPARTMENT, JANUARY, 1946.

### (January 8, 1946.)

In the Matter of 67 LIQUOR SHOP, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Review under article 78 of the Civil Practice Act of a determination made by the New York State Liquor Authority canceling petitioner's license as a retail liquor dealer upon the ground that an officer and stockholder has made a false (though not material) statement in connection with the application for the license. In the application it was stated that no officer, stockholder or director had been arrested or indicted. It appeared that nearly thirty years ago a number of boys including the officer signing the statement, had been detained upon a charge of rape. That the female upon seeing the officer, then a boy, stated he was not the man who had committed the offense against her. Under these circumstances that was no legal arrest. More recently the male members of the family of the wife of the officer became involved in a business disagreement. Following this he was arrested for assault and upon the arraignment there was no appearance on behalf of the complainant. These circumstances are not grounds for the annulment of the corporation's license. There is no legal ground for the action of the authority either in the statute or in the rules promulgated. There is no finding of a false statement as to a material fact; the finding as to the immaterial fact is not sufficient cause for revocation of the license. Determination annulled on the law and facts, with $50 costs and disbursements. All concur.